PER CURIAM.
Luis Oliveira appeals an adverse order determining Henry B. Sturm and Susan Sturm to be the sole beneficiaries of the estate of Monique Sturm, deceased. We reverse.
On June 21, 1991, Luis Oliveira and Monique Sturm signed and filed a petition for simplified dissolution of marriage. Four days later, before a final judgment dissolving the marriage was entered by the trial court, Monique Sturm died in an automobile accident, leaving no children and no will. On July 25, 1991, Monique Sturm’s parents, Henry and Susan Sturm, filed a petition for administration of their daughter’s estate, and obtained an order appointing Mr. Sturm as personal representative. The only asset listed in the petition was the proceeds from the Sturms’ uninsured motorist policy with a $400,000 policy limit.
*109 Thereafter, the Sturms’ attorney contacted Oliveira in New Jersey and requested him to appear for a deposition in Miami, offering to pay his transportation costs. Oliveira agreed, and on September 27, 1991, Oliveira, without counsel, submitted to the deposition. Upon completion of the deposition, he signed an affidavit which stated in pertinent part:
BEFORE ME, the undersigned personally appeared LUIS OLIVEIRA, who by me first being duly sworn deposes and says:
1. That he was the husband of Monique S. Sturm at the time of her death on June 25, 1991.
* * * * * *
3. That Monique Sturm and I had filed a petition for simplified dissolution of marriage on June 21, 1991, a copy of which is attached and made a part hereof.
4. That the petition was signed by Monique Sturm and myself on the above date and was intended by us to be a waiver of all rights of each of us in the property or estate of the other and a complete property settlement between the two of us.
5. It was our intention to proceed with a dissolution of marriage which was prevented only by Monique’s untimely death.
Mr. Sturm then filed petitions for determination of beneficiaries on October 28, 1991, November 15, 1991, and again on December 13, 1991.
Three weeks before the scheduled May 11, 1992 hearing on the petition to determine beneficiaries, Oliveira hired legal counsel to represent him. On May 5, 1992, Oliveira signed a second affidavit which stated in pertinent part:
BEFORE ME, the undersigned personally appeared Luis Oliveira, who by me first being duly sworn deposes and says:
1. That on June 21, 1991, at the time of Monique Sturm and myself signed a Petition for Simplified Dissolution of Marriage, neither of us made a fair disclosure to the other of his or her estate, as required by Florida Statute § 732.-701(2).
2. Neither Monique nor myself entered into any agreement to waive any of our marital rights, whether such agreement was written or oral, prior to our marriage.
A hearing was held on May 11, 1992, wherein the trial court determined that Oli-veira waived his rights to inherit from the estate of Monique Sturm when he signed the September 27, 1991 affidavit, and that the sole beneficiaries of the estate were Henry and Susan Sturm.
It is undisputed that the marriage between Oliveira and Monique Sturm had not been legally dissolved at the time of Ms. Sturm’s death. As a result, Oliveira was Ms. Sturm’s legal spouse at the time of her death and is entitled to the entire intestate estate, unless a valid waiver or disclaimer, see §§ 732.702(2), .801, Fla.Stat. (1991), was executed by him.
The trial court erred in determining that the September 27 affidavit was a valid waiver of Oliveira’s rights pursuant to section 732.702(2). That section provides:
Each spouse shall make a fair disclosure to the other of his or her estate if the agreement, contract, or waiver is executed after marriage. No disclosure shall be required for an agreement, contract, or waiver executed before marriage.
Thus, when the waiver is executed after marriage, the statute allows a surviving spouse to waive his or her rights in probate so long as the agreement is in writing and is accompanied by a “fair disclosure” of the assets of the other spouse. Flagship Nat’l Bank of Miami v. King, 418 So.2d 275, 277-78 (Fla. 3d DCA 1982). In the instant case, a reading of the deposition taken on September 27 by the Sturms’ counsel evinces no disclosure to Oliveira regarding the uninsured motorist policy. Neither is there evidence anywhere in the record that Oli-veira was informed of the insurance policy prior to being asked to sign the affidavit. Because Oliveira was never informed of the existence of the policy, the affidavit cannot be determined a valid waiver of his rights in Ms. Sturm’s estate.
*110 Furthermore, the Petition for Simplified Dissolution of Marriage does not act as a fair disclosure, as argued by the Sturms. The petition states:
6. The parties have made provisions for the division of their property and the payment of their joint obligations. They are satisfied with those provisions.
(The property settlement agreement entered into by the parties and a financial affidavit from each party are attached.)
7. The parties understand that they may have legal rights against each other arising out of the marital relations and that by signing this petition they may be giving up those rights.
The Sturms contend that it was unnecessary to attach a property settlement agreement and financial affidavit to the petition for dissolution because there were no assets left to be distributed at the time Ms. Sturm and Oliveira signed the petition. Thus, argue the Sturms, a fair disclosure of assets was made between the parties because both believed no assets existed at the time the dissolution petition was executed. However, the uninsured motorist policy was an asset that existed at the time the petition was signed, which should have been included as an asset on Ms. Sturm’s financial affidavit for full disclosure to occur. Because the policy was not disclosed, the petition is not a valid waiver of Oli-veira's rights.
Finally, Oliveira could have disclaimed his intestate succession to the interest in Ms. Sturm’s estate by executing a disclaimer in accordance with the procedures set forth in section 732.801(4), Florida Statutes (1991). A review of the record has disclosed no such disclaimer.
Accordingly, the order determining the Sturms to be the sole beneficiaries of Ms. Sturm’s estate is reversed and the case remanded to the trial court with directions to enter an order declaring Oliveira the sole beneficiary.